UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 22-099-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHARLES MCELROY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Charles McElroy pleaded guilty to an indictment charging him with conspiring to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 846; possessing 40 grams or more of fentanyl with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1); possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 922(c)(1)(A); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] He is scheduled to be sentenced on April 24, 2023.

The United States Probation Officer who prepared McElroy's Presentence Investigation Report (PSR) determined that McElroy is an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1) based on his offense of conviction in violation of 18 U.S.C. § 922(g) and his three prior convictions for a serious drug offense. Both the defendant and the United States object to this portion of the PSR.

---

[1] McElroy pleaded guilty to the four counts charged in the indictment without a written plea agreement.

The Armed Career Criminal Act (ACCA) imposes a minimum sentence of 15 years' imprisonment for anyone with at least three previous convictions for violent felonies or serious drug offenses, or both, committed on different occasions, who illegally possesses a firearm. 18 U.S.C. § 924(e)(1). The PSR reflects that McElroy was convicted of three counts of trafficking in a controlled substance, first degree, in Hardin County Circuit Court on September 14, 1998. (Indictment No. 98-CR-00287) Specifically, McElroy was charged with trafficking 5 "hits" of lysergic acid diethylamide (LSD) on February 27, 1997; trafficking seven "hits" of LSD on April 10, 1997; and trafficking two "hits" of LSD on April 15, 1997. All of the events occurred in Radcliff, Kentucky and were charged in a single indictment. On October 12, 1999, McElroy was sentenced to five years' imprisonment on each charge, to run concurrently (suspended), and five years of supervised probation. McElroy subsequently violated the terms of his probation and was committed to custody. He was thereafter paroled in 2005 and discharged from parole in 2008.

The defendant contends that using these prior felony convictions to enhance his sentence under the ACCA results in an extreme sentence that is grossly disproportionate to his crime. [Record No. 57, p. 1 (citing *United States v. Hill*, 30 F.3d 48, 50 (6th Cir. 1994) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)).] First, McElroy argues this his prior trafficking convictions are too old to constitute serious drug offenses under the ACCA. However, the ACCA does not exclude convictions based on remoteness in time. *United States v. Howard*, 216 F. App'x 463, 475 (6th Cir. 2007) (citing *United States v. Wright*, 48 F.3d 254-255-56 (7th Cir. 1995)). *See also* U.S.S.G. § 4B1.4, cmt. n.1 (stating that guideline time periods for counting prior sentences are not applicable to the ACCA). Congress could have included a time limit for prior convictions but opted not to do so. *See United States v.*

*Rodriguez*, 612 F.3d 1049 (8th Cir. 2010); *see also United States v. McCormick*, 517 F. App'x 411 (6th Cir. 2013) (observing that the ACCA "does not make an exception for old convictions").

The defendant's second argument is similarly unavailing. A "serious drug offense" under state law is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). McElroy argues that the Court should look to Kentucky's current first-degree trafficking statute to determine whether his prior convictions constitute a serious drug offense under the ACCA. However, it is well-established that the Court must look to the defendant's prior drug offense at the time of his conviction for that offense. *McNeill v. United States*, 563 U.S. 816, 821 (2011).

McElroy pleaded guilty to three counts of first-degree trafficking in a controlled substance, in violation of K.R.S. § 218A.1412. The violations were specified in the indictment and re-arraignment order as Class C felonies. Additionally, the penalty range was listed as five to ten years' imprisonment for each count. The maximum term of imprisonment for a Class C felony was ten years. K.R.S. § 532.060 (effective July 15, 1998).

McElroy argues that the Court should contravene Supreme Court precedent and apply the current version of the Kentucky drug trafficking statute to determine whether his prior offenses constitute serious drug offenses. But the Court is bound to apply to the law as the Supreme Court has instructed, and will do so here. Regardless, it is unclear how application of the current law would benefit the defendant. K.R.S. § 218.1412A currently provides:

>    (1) A person is guilty of trafficking in a controlled substance in the first degree when he or she knowingly and unlawfully traffics in:
>
>    (a) Four (4) grams or more of cocaine;
>
>    (b) Two (2) grams or more of methamphetamine;
>
>    (c) Ten (10) or more dosage units of a controlled substances that is classified in Schedules I or II and is a narcotic drug, or a controlled substance analogue;
>
>    (d) Any quantity of heroin, fentanyl, carfentanil, or fentanyl derivatives; lysergic acid diethylamide; gamma hydroxybutyric acid (GHB), including its salts, isomers, salts of isomers, and analogues; or flunitrazepam, including its salts, isomers, and salts of isomers; or
>
>    (e) Any quantity of a controlled substance specified in paragraph (a), (b), or (c) of this subsection in an amount less than the amounts specified in those paragraphs.
>    . . . .
>
>    (3)
>    (a) Any person who violates the provisions of subsection (1)(a), (b), (c), or (d) of this section shall be guilty of a Class C felony for the first offense and a Class B felony for a second or subsequent offense.
>
>    (b) Any person who violates the provisions of subsection (1)(e) of this section shall be guilty of a Class D felony for the first offense and a Class C felony for a second or subsequent offense. . . .

McElroy argues that, because "there are no specified amounts of narcotics included in the indictment and subsequent plea, his conviction would be considered a D felony, subject to a maximum sentence of only five years." However, the language plainly provides that trafficking *any* quantity of LSD is a violation of subsection (d) and constitutes at least a Class C felony. The maximum penalty for such an offense remains 10 years' imprisonment. K.R.S. § 532.060.

The defendant has failed to establish how applying an ACCA enhancement under these circumstances constitutes a violation of his rights under the Eighth Amendment, which forbids

only an "extreme disparity between crime and sentence." *See United States v. Jones*, 569 F.3d 569, 573 (6th Cir. 2009). While 15 years is a considerable amount of time, severe, mandatory penalties "are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *United States v. Moore*, 643 F.3d 451, 456 (6th Cir. 2011) (citing *Harmelin*, 501 U.S. at 994-95). Further, Eighth Amendment jurisprudence grants substantial deference to the legislatures who determine the types and limits of punishments. *Id.* And it is well-settled that Congress may define criminal punishments without giving the courts sentencing discretion. *Id.* The relief the defendant seeks presents an issue for Congress rather than the Court.

The United States also has filed an objection to the PSR, which is ongoing issue presented by AUSA Villalobos and which the Court has rejected previously. The ACCA requires that the defendant's three previous convictions for a violent felony or serious drug offense were committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). No one disputes that McElroy's underlying offenses occurred on different occasions. However, the United States maintains that the "different occasions" inquiry is an element that must be proven at trial or admitted by the defendant as part of a guilty plea. In other words, the AUSA argues that, even in situations where (i) the "different occasions" issue is not disputed, (ii) the defendant enters a guilty plea, and (iii) the defendant agrees that the Court should address the "different occasions" inquiry, the Court must nevertheless impanel a jury to answer an undisputed question while ignoring settled law.[2]

---

[2] In the event of an appeal, one is left to wonder whether this issue will be fairly and objectively presented to an appellate court.

This Court has repeatedly rejected this argument as it is not supported by Sixth Circuit or Supreme Court precedent. *See United States v. Taylor*, 5: 22-CR-137 (Apr. 6, 2023). Instead, controlling authority makes clear that the "separate occasions" analysis is a sentencing determination for the court. *See United States v. Hennessee*, 932 F.3d 437, 442 (6th Cir. 2019); *United States v. Williams*, 39 F.4th 342 (6th Cir. 2022); *United States v. Belcher*, 40 F.4th 430 (6th Cir. 2022). Against this backdrop, AUSA Villalobos argues that following this precedent constitutes a Sixth Amendment violation. The undersigned, however, respectfully disagrees.

Based on the foregoing, it is hereby

**ORDERED** that both the defendant's and the United States' objections to the PSR are **OVERRULED**.

Dated: April 19, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

Dated: April 19, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky